UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Bettcher Industries, Inc.,            Case No. 3:14-cv-00406

       Plaintiff


                                       MEMORANDUM OPINION & ORDER


Hantover, Inc., et al.,

       Defendants


### INTRODUCTION AND BACKGROUND

Plaintiff Bettcher Industries, Inc., initiated this action against Defendant Hantover, Inc., asserting that Hantover manufactures, distributes, and sells products which infringe upon patents Bettcher holds. Hantover asserts its products do not infringe on Bettcher's patents, and that those patents in fact are invalid. After the parties submitted their respective briefing and presented argument during a *Markman* hearing, I issued a memorandum opinion setting forth my determinations as to the claim construction matters at issue. (Doc. No. 70).

Hantover seeks reconsideration of a portion of my Claim Construction Order. (Doc. No. 72). Bettcher opposes Hantover's motion. (Doc. No. 73). Hantover has filed a brief in reply. (Doc. No. 74). For the reasons stated below, I deny Hantover's motion for reconsideration.

### STANDARD

In the ordinary course, motions for reconsideration are reviewed pursuant to Rule 59(e), and require that the movant show "there is a clear error of law, newly discovered evidence, an

intervening change in controlling law, or [that reconsideration is necessary] to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted); *see also Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, No. 09-C-0916, 2011 WL 995864, at *1 (E.D. Wis. March 21, 2011) (manifest errors of law or fact are "not demonstrated by the disappointment of the losing party" but by the "wholesale disregard, misapplication, or failure to recognize controlling precedent") (citations and quotations omitted). *But see Fujitsu Limited v. Tellabs Operations, Inc. et al*, 2012 WL 987272, at *4 (N.D. Ill., March 21, 2012) (holding the "stringent standards" typically applied to motions for reconsideration should not be used with respect to claim construction orders).

## DISCUSSION

The parties dispute the proper construction of the preamble of Claim 12 of the '452 patent. Hantover asserts "the preamble is a claim limitation for at least the reason it provides antecedent support for limitations in the body of the claim," while Bettcher contends "the phrase is not a limitation." (Hantover's opening claim construction brief, Doc. No. 34 at 7). I affirm my earlier claim construction ruling because Hantover fails to establish that the preamble to Claim 12 in fact is limiting.

Claim 12 of the '452 patent states as follows:

> A split blade housing for a rotary knife having a handle assembly including a handle supporting frame member and a head member extending from the handle supporting frame member and a clamping assembly for releasably securing the blade housing to the handle assembly head member, the split blade housing comprising:
> an arcuate body for rotatably supporting an annular blade;
> first and second ends bounding a split in the housing; and
> a first bearing surface facing toward the blade adapted to be engaged by the clamping assembly to secure the blade housing to the head member and a second bearing surface facing away from the blade adapted to engage the head member;
> wherein at least one of the first and second bearing surfaces of the blade housing and the bearing surface of the head member including an area of scoring to

2

inhibit movement of the first end of the blade housing relative to the second end when the clamping assembly secures the blade housing to the head member.

(Doc. No. 33-5 at 11).

A claim preamble is not limiting if "the body of the claim 'sets out the complete invention.'" *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 952 (Fed. Cir. 2006) (quoting *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1310 (Fed. Cir. 2002)). A preamble that "simply states the intended use or purpose of the invention . . . usually does not limit the scope of the claim unless the preamble provides antecedents for ensuing claim terms and limits the claim accordingly." *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1350 (Fed. Cir. 1998).

Hantover's argument that Claim 12 actually encompasses "not just a split blade housing, but . . . a split blade housing and a head member," and that there is "no indication of the interrelationship between the head member and the split blade housing" without reference to the preamble falls apart when Claim 12 is read in its entirety. (*Markman* hearing transcript at 01:51:52; Doc. No. 43 at 70-71).

The use of "a head member" in the preamble is the use of a common term in the context of the specification, just like the use of "a clamping assembly"; it offers contextualization and not antecedent support. *Cf. Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 98 F.Supp.2d 362, 377 (S.D.N.Y. 2000) ("Unlike the bodies of the claims, which specify numerically precise properties of the oxycodone formulations to be administered, these preambles do not state numerical limits defining the precise extent to which the range of daily dosages should be reduced . . . [which] suggests that the preambles do not state independent limitations."). The preamble does not describe any characteristics of the head member "without which performance of the recited steps is nothing but an academic exercise." *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 320 F.3d 1339, 1345 (Fed. Cir. 2003). The body of the claim "completely define[s] the subject matter" of the claim,

3

and the preamble does not "so affect the enumerated elements as to give life and meaning and vitality to them, as they appear in the combination." *Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 620-21 (Fed. Cir. 1995) (citations omitted).

Further, the Claim 12 preamble, and the relationship between the text of the preamble and the text of the body of the claim, differ from the claim construed in *Bicon, Inc. v. Straumann Co.* The patent at issue in *Bicon* claimed a dental implant device which included an emergence cuff member with an abutment that "has a frusto-spherical basal surface portion and a conical surface portion having a selected height extending therefrom . . . ." 441 F.3d at 948. The Federal Circuit upheld the district court's conclusion that this language from the claim's preamble necessarily limited the invention claimed in the patent, because the preamble "recites structural features of the abutment" and other limitations in the body of the claim being construed would become meaningless if the claim was not limited by reference to the specific abutment described. *Id.* at 952-53. Those limitations require that "the bore [of the member] hav[e] a taper <u>generally matching that of the conical surface portion of the abutment</u> . . . [and] the distance of the first and second ends [of the member, spanned by the bore] <u>being less than the height of the conical surface</u> . . . ." *Id.* at 948-49 (emphasis added). The *Bicon* court concluded "because the preamble recites structural features of the abutment, it is apparent that the claim drafter chose to use both the preamble and the body of the claim to define the subject matter of the claimed invention." *Id.* at 953.

Claim 12, in contrast, does not depend on the language contained in the preamble. The inclusion of other parts of the rotary knife, including the head member, in the preamble are "reference points" which allow the reader to understand the use of the split end housing invention described in Claim 12. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 880 (Fed. Cir. 1991).

4

## Conclusion

For the reasons stated above, I deny Hantover's motion for reconsideration.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge