UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Bettcher Industries, Inc.,                                    Case No.  3:14-cv-00406

                    Plaintiff


              v.                                              MEMORANDUM OPINION
                                                                  & ORDER


Hantover, Inc. et al.,

                    Defendants


## I.      INTRODUCTION AND BACKGROUND

Plaintiff Bettcher Industries, Inc., and Defendant Hantover, Inc., have submitted additional

supplemental briefing presenting their respective positions concerning the appropriate construction

of the term "inner bearing face" as used in claim 2 of one of Bettcher's patents – U.S. Patent No.

6,978,548.  The parties first submitted supplemental briefing concerning the proper construction of

the term "inner bearing face" following the *Markman* hearing and prior to the issuance of my initial

claim construction order.  In that order, I granted the parties leave to amend their infringement

contentions and subsequently to file additional briefing.  (Doc. No. 70 at 19).  Having considered

the parties' arguments, I make the determination set forth below.

## II.     STANDARD

In construing terms contained in a patent claim, a court must give those terms their

"ordinary and customary meaning," which is the meaning "the term would have to a person of

ordinary skill in the art in question at the time of the invention . . . ."  *Phillips v. AWH Corp.*, 415

F.3d 1303, 1313 (Fed. Cir. 2005).  The "primary resources" for determining that meaning are the

claims, the remaining portions of the patent, and the patent's prosecution history – "together, the

intrinsic evidence of the meaning of the claims." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1329 (Fed. Cir. 2008) (citing *Phillips*, 415 F.3d at 1318).

## III.  DISCUSSION

Bettcher and Hantover offer competing constructions of the term "inner bearing face." Bettcher proposes the term be defined as "an area of the radially inner side of the body mounting structure that is located axially between the blade supporting section and the distal projection ends and is capable of supporting mutual contact with another part." (Doc. No. 85 at 11).  Hantover requests I construe the term as meaning "the area of the inner surface of the housing extending from the blade-supporting section to the distal projection ends." (Doc. No. 81 at 5).  As I noted in my January 9, 2018 claim construction order, Example A represents Bettcher's view, while Example B reflects Hantover's position on this issue.

Example A:



Example B:



Claim 2 of the '548 patent states in part:

An inner bearing face extending circumferentially along the radially inner side of said body mounting structure, said inner bearing face located axially between said blade supporting section and said distal ends of said projections, said inner bearing face being axially narrow compared to the axial extent of either said housing body or said projecting bearing faces;

Said inner bearing face constructed and arranged so that clamping force applied to said inner bearing face is transmitted radially and axially through the blade housing to the housing body bearing face and said projection bearing faces for securely clamping said blade housing in place.

(Doc. No. 33-6 at 17; Claim 2(f)-(g), '548 Patent).

I conclude Hantover's proposed definition is inconsistent with the claim language. The claim teaches the inner bearing face is "axially narrow" compared to the "projecting bearing faces" (identified by the tags 43a and 43b in Figure 8), and that the inner bearing face is designed to transmit force through the projection bearing faces in order to secure the blade housing. (Doc. No. 33-6 at 17). The patent identifies the inner bearing face and the projecting bearing faces as distinct features of the housing, and Hantover's proposed definition improperly combines the two.

Nor does Bettcher's definition best fit the claim as set forth in the patent, as that proposed definition offers a broader construction than is supported by the language used in the claims and the

3

specification. *Homeland Housewares, LLC v. Whirlpool Corp.*, 865 F.3d 1372, 1376 (Fed. Cir. 2017) (A court "may adopt a definition not proposed by either party that best fits with the claim language and specification.").

After reviewing the language of the claim, as well as the remainder of the patent, I conclude the construction of inner bearing face that "most naturally aligns with the patent's definition," *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998), is an area of the radially inner side of the body mounting structure that is located axially between the blade supporting section and the projection bearing faces and is capable of supporting mutual contact between the body mounting structure and the blade housing.

## IV. CONCLUSION

For the reasons stated above, I conclude the proper construction of the term inner bearing face as used in the '548 patent is area of the radially inner side of the body mounting structure that is located axially between the blade supporting section and the projection bearing faces and is capable of supporting mutual contact between the body mounting structure and the blade housing.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4